UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SHEREE JOHNSON, *et al.*,            ) | |
|                                      ) | |
| Plaintiffs,                          ) | Case No.: 17-cv-00185 (CRC) |
|                                      ) | |
| v.                                   ) | |
|                                      ) | |
| DISTRICT OF COLUMBIA,                ) | |
|                                      ) | |
| Defendant.                           ) | |
|                                      ) | |

## LOCAL CIVIL RULE 16.3 STATEMENT

Pursuant to LCvR 16.3(d) and the Court's Order, dated May 3, 2017 [Dkt. No. 8], setting an Initial Scheduling Conference for June 6, 2017, at 11:00 AM and ordering counsel for the parties to address all subjects listed in Rule 16.3 (c) in their Joint Meet and Confer Statement, the parties conferred and submit this 16.3 Statement.

### STATEMENT OF THE CASE

This is a survival and wrongful death action brought on behalf of the estate of Towana Johnson and her children against the District of Columbia (the District) alleging negligence and civil rights violations. On February 8, 2015, while being held in the custody at the Central Cell Block, Towana Johnson, committed suicide by hanging.

Defendant denies any wrongdoing and denies any and all alleged liability arising therefrom.

### LCvR 16.3(c) MATTERS DISCUSSED BY THE PARTIES

**1.     Dispositive motions. Whether the case is likely to be disposed of by dispositive, and whether, if a dispositive motion has already been filed, the parties should recommend to the court that discovery or other matters should await a decision on the motion.**

Plaintiffs are of the opinion that it is unlikely that this matter will be disposed of by dispositive motion. Defendant believes this matter may be resolved by disposition motion at the close of discovery.

**2. Joinder and Amendment. The date by which any other parties shall be joined or the pleadings amended, and whether some or all the factual and legal issues can be agreed upon or narrowed.**

Plaintiffs anticipate that they may amend their pleadings and add additional parties. Such action, if taken, shall be done within 45 days of the Court's scheduling order. The Parties agree that, with Court approval, the Defendant shall file any response within thirty (30) days thereafter.

**3. Magistrate Judge. Whether the case should be assigned to a magistrate judge for all purposes, including trial.**

The parties do not agree that this matter should be assigned to a Magistrate Judge for any purpose other than resolution of discovery disputes.

**4. Settlement. Whether there is a realistic possibility of settling the case.**

There have been no settlement discussions between the parties. At this time, there is not a realistic possibility of settling this case.

**5. Alternative Dispute Resolution. Whether the case could benefit from Court's alternative dispute resolution (ADR) procedures (or some other form of ADR); what related steps should be taken to facilitate such ADR; and whether counsel have discussed ADR and their response to this provision with their clients.**

Plaintiffs are not opposed to ADR. Defendant is not opposed to ADR after ruling on any filed summary judgment motion.

**6. Dispositive motions. Whether the case can be resolved by summary judgment or motion to dismiss; dates for filing dispositive motions and/or cross-motions, oppositions, and replies; and proposed dates for a decision on the motions.**

Plaintiffs are not of the opinion at this time that the case can be resolved by summary judgment or a motion to dismiss. The parties offer the following schedule for dispositive motions. Any dispositive motion shall be filed no later than forty-five (45) days after the end of discovery. Any memoranda in opposition thereto shall be filed within thirty (30) days after the motion is filed, and any reply memoranda shall be filed within twenty (20) days of the filing of the memoranda in opposition.

**7.     Initial disclosures. Whether the Parties should stipulate to dispense with the initial disclosures required by Rule 26(a)(1) of the Fed. R. Civ. P., and if not, what if any changes should be made in the scope, form, or timing of those disclosures.**

The parties agree to dispense with initial disclosures.

**8.     Discovery. The anticipated extent of discovery, how long discovery should take, what limits should be placed on discovery; whether a protective order is appropriate; and a date for the completion of all discovery, including answers to interrogatories, document production, requests for admissions, and deposition.**

The parties propose a 180-day period of discovery to complete standard discovery 25 Interrogatories per side and 25 Request for Admissions per side. Furthermore, the parties propose a maximum of 10 depositions per side, including experts.

**9.     Expert Witnesses. Whether the requirement of exchange of expert witness reports and information pursuant to Fed. R. Civ. P. 26(a)(2) should be modified, and whether and when depositions of experts should occur.**

The parties submit that there should be a modification of Rule 26(a)(2), to allow for Plaintiffs' expert(s) to be named within forty-five (45) days after the entry of the Court's scheduling order in this case. That Defendant would then name its expert(s) within forty-five (45) days of Plaintiffs' deadline to name expert(s) – i.e., within ninety (90) days of the Court's scheduling order.

**10.    Procedures in class actions.**

Not applicable.

**11.    Whether the trial and/or discovery should be bifurcated or managed in phases, and a specific proposal for such bifurcation.**

The parties do not believe that discovery in this case should be bifurcated or managed in phases at this time.

**12.    Pretrial conference. The date for the pretrial conference (understanding that a trial will take place 30 to 60 days thereafter).**

The parties propose that the pretrial conference be scheduled only after the Court rules on any filed summary judgment motions.

**13.    Trial date. Whether the Court should set a firm date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference.**

The parties propose that the trial date be set at the pretrial conference.

**14.    Other matters. Such other matters that the Parties believe may be appropriate for inclusion in a scheduling order.**

None at this time.

Respectfully submitted,

THE MCDANIEL LAW GROUP, P.L.L.C.


\_\_\_\_/s/ Brian K. McDaniel_____
Brian K. McDaniel, Esq.
1920 L Street, N.W., Suite 303
Washington D.C. 20036
Tel: 202-331-0793
Fax: 202-331-7004
*Counsel for the Plaintiff*

KARL A. RACINE
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

   */s/ Patricia A. Oxendine*
PATRICIA A. OXENDINE
D.C. Bar No. 428132
Chief, Civil Litigation Division, Section I

  */s/ Kerslyn D. Featherstone*
KERSLYN D. FEATHERSTONE
D.C. Bar No. 478758
Assistant Attorney General
441 4th Street, N.W.
Suite 630 South
Washington, D.C. 20001
P(202) 724-6600; (202) 727-6295
F(202) 741-8924
E: Kerslyn.featherstone@dc.gov


*Counsel for Defendant*